United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40095
Summary Calendar

JESUS MENDOZA MALDONADO,

                                        Plaintiff-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CV-38
---------------------

Before REAVLEY, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jesus Mendoza Maldonado appeals from the dismissal of his

complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),

arguing that his motion to recuse the magistrate judge was

erroneously denied.  We affirm.

     Maldonado's argument that the magistrate judge was without

authority to refer the motion to recuse to the district judge is

frivolous; if the issue of a judge recusing herself arises either

through a motion to recuse under § 455 or an affidavit of

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice under § 144, the judge has the option to either transfer the matter to another judge for decision or determine it herself. See Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996).

Maldonado's motion for recusal was based solely on conclusional allegations of prejudice stemming from adverse rulings. Adverse judicial rulings alone, however, do not support an allegation of bias under 28 U.S.C. §§ 455 or 144, and, therefore, the denial of the motion was not an abuse of discretion. See Liteky v. United States, 510 U.S. 540, 555 (1994); Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999). Maldonado did not raise in his initial brief the ultimate issue whether his claims lacked an arguable basis in fact, and, therefore, that issue is not considered. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Furthermore, as the magistrate judge pointed out in her report of July 14, 2003, no causal connection is set forth, or is conceivable, between Maldonado's electromagnetic hypersensitivity and the Attorney General of the United States.

AFFIRMED.